# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* HUGH O'NEIL, APPELLANT.

*Judgment-roll in a criminal action — what it must state and contain.*

APPEAL from a judgment of the Cortland Oyer and Terminer convicting the defendant of arson in the first degree and sentencing him to imprisonment in the State prison for five years.

June 20, 1885, an indictment was found in the Cortland Oyer and Terminer charging defendant with arson in the third degree, under the second subdivision of section 488 of the Penal Code, in having burned, February 14, 1884, at Cortland village, a wagon factory. February 20, 1886, at the Cortland Oyer and Terminer, the defendant was convicted of the crime charged and sentenced to imprisonment in a State prison for five years. On the same day the defendant appealed, was granted a stay and let to bail. A

motion for a new trial was not made pursuant to sections 465 and 466 of the Code of Criminal Procedure.

The court at General Term said: "Section 485 of the Code of Criminal Procedure provides: 'When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had; and must upon the service upon him of notice of appeal, immediately annex together and file the following papers, which constitute the judgment-roll: 1. A copy of the minutes of a challenge interposed by the defendant to a grand juror, and the proceedings and decision thereon. 2. The indictment and a copy of the minutes of the plea or demurrer. 3. A copy of the minutes of a challenge which may have been interposed to the panel of the trial jury, or to a juror who participated in the verdict, and the proceedings and decision thereon. 4. A copy of the minutes of the trial. 5. A copy of the minutes of the judgment. 6. A copy of the minutes of any proceedings upon a motion either for a new trial or in arrest of judgment. 7. The bill of exceptions, if there be one. 8. \* \* \* '

"Sections 487 and 489 provide that the sheriff, upon receiving a certified copy of the judgment, must deliver it and the defendant to the keeper of the prison in which he is to be imprisoned. The following is a copy of the so-called judgment contained in the appeal book: 'The trial of the defendant on said indictment, come on to be held at a court of Oyer and Terminer, held at the court house in the village of Cortland, in and for the county of Cortland, commencing February 1, 1886, and a jury were duly impanneled and sworn, and after hearing the evidence offered, the argument of counsel, and charge of the court, the jury retired on the 20th day of February, 1886, with an officer sworn to attend them, and afterward and on the same day the jury returned into court and presented their verdict in the presence of the defendant, whereby they say they find the defendant guilty of the crime charged in the indictment. Court being about to adjourn and the defendant having stated to the court, that he waived any delay in pronouncing judgment, sentence were duly moved by the district attorney. The defendant was then asked by the clerk whether he had any legal cause to show why judgment should not be pronounced against him and replied, 'No, sir.'

"'The defendant, having been duly sworn, says, my name is Hugh

O'Neil, aged thirty-five years, born in Ireland; reside in Spring-ville, N. Y.; occupation, a wagon manufacturer. And the said defendant was thereupon by the court here sentenced to be confined at hard labor in the State prison at Auburn, for the period of five years.'

"This judgment is defective, in not stating the offense of which defendant was convicted, except by reference to the indictment, and a certified copy of it will not disclose to the officers whose duty it is to execute it, or to any court or judge called upon to act upon it, the offense of which the defendant was convicted. This so-called judgment is not entitled, dated, or signed by the clerk. It does not show when the indictment was found, or the crime charged in it. The judgment-roll does not contain a copy of the plea, as required by subdivision 2 of section 485, the form of which is prescribed by section 334, and must be entered upon the minutes of the court. (Sec. 333.) The judgment roll does not contain a copy of the minutes of trial, as required by subdivision 4 of section 485, which should contain a brief record of the proceedings had during the trial, from its commencement to its close, as in civil cases. Such a record does not afford adequate security for the people, nor for the defendant, should he have occasion to plead this conviction in bar of another indictment. Though section 485 makes it the duty of the clerk to enter the proper judgment, and in case of appeal, to make up a judgment-roll, still, the district attorney should see to it that a formal and sufficient judgment is entered in every case, and that a formal and sufficient roll is made up when an appeal is taken. Undoubtedly the records of the office of the clerk are sufficient to enable a record to be made up which will comply with the require-ments of the Code of Criminal Procedure. This appeal ought not to be heard upon this record, but it should be returned for cor-rection, with a direction to the clerk to enter a judgment as required by law, and to make up a judgment-roll in the form prescribed by law."

*McGuire & Champlin,* for the appellant.

*Horace L. Bronson,* district attorney, for the respondent.

Opinion *Per Curiam.*

Present—HARDIN, P. J.; FOLLETT and MARTIN, JJ.

Declined to hear until a proper judgment is entered, for which purpose the case is remitted to the clerk of Cortland county, with instructions to enter a judgment in accordance with the statute. After such judgment is entered, the appeal may be brought for argument, upon the usual notice.